**PLEZ LEWIS & SON, INC., Appellant,**

v.

**O'MEARA–CHANDLER CORPORATION,**
**Appellee.**

**No. 4332.**

Court of Civil Appeals of Texas.

Waco.

April 22, 1965.

Rehearing Denied May 20, 1965.

Brigman, Martin & Smith, Fred C. Brigman, Jr., and Donald L. Martin, Houston, for appellant.

Urban, Coolidge & Pennington, Bryan W. Scott, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff in a suit on a contract.

Plaintiff O'Meara-Chandler Corporation sued defendant Plez Lewis & Son, alleging that plaintiff and defendant (both construction companies), were engaged in a joint venture to construct an FHA housing project for the elderly in Houston, known as "McCardell Square"; that pursuant to such joint venture plaintiff advanced $10,000, and defendant advanced $20,000 to a promotional fund for the project, which was deposited in the bank in the name of Columbia Research and Development Company; that thereafter plaintiff and defend-

ant agreed to dissolve the joint venture, and agreed that defendant would construct the project alone; and that in consideration of plaintiff's releasing all interest in the project, defendant would pay to plaintiff the $10,000 plaintiff contributed to the promotional fund.

Plaintiff alleged that it was agreed the oral agreement was to be evidenced in writing and that the Vice President of defendant evidenced such in writing as follows:

"We expect to have our preclosing conference * * * June 3, 1963, and our final closing sometime during the week of June 10, 1963.

"As we agreed at our meeting sometime ago, we will repay you the $10,000 that you advanced on this project at the time we draw our first check, which should be shortly after final closing."

Plaintiff further alleged that defendant had drawn its first check but refused to pay the $10,000 owing plaintiff.

Defendant answered, among other things, by general denial; that the contract was without consideration; was an agreement to pay the debt of another; and that the $10,000 was a part of an illegal transaction and cannot be recovered by plaintiff.

Trial was before the court without a jury which rendered judgment for plaintiff for $10,000.

The Trial Court filed Findings of Fact and Conclusions of Law which follow:

## "FINDINGS OF FACT

"1) Stanley Jones, Vice President of defendant wrote and signed the letter of May 28, 1963 to plaintiff corporation wherein it stated:

"'As we agreed at our meeting some time ago, we will repay you the $10,000 that you advanced on this project at the time we draw our first check, which should be shortly after closing."

"2) Plaintiff did in fact advance the $10,000 on the McCardell Square project.

"3) In consideration for the agreement to pay plaintiff $10,000, plaintiff relinquished to defendant its rights in the joint venture agreement to construct McCardell Square project, and plaintiff did not receive any compensation from the project after the agreement. Defendant did in fact draw its 'first check' referred to in the letter, and did in fact have 'final closing,' referred to in the letter.

"4, 5) Defendant has not paid the $10,000 to plaintiff which its officers, in the scope of their authority both orally and in writing, agreed to pay plaintiff, for relinquishment of its rights in the McCardell Square project.

"6) Plaintiff relied on the oral and written promises of defendant to pay plaintiff $10,000 for relinquishment of its rights in the McCardell Square project.

"7) The agreement and contract to pay plaintiff $10,000 by defendant, was not an agreement to pay the debt of a third party."

## CONCLUSIONS OF LAW

Defendant agreed and contracted to pay plaintiff $10,000 for relinquishment of its interest in the joint venture of plaintiff and defendant to build the McCardell Square project. This sum was to be paid after defendant received its first check. The payment became due but defendant has not paid. The contract and agreement is a binding obligation on defendant to pay plaintiff $10,000. Defendant's officer had authority to make the agreement with plaintiff; and defendant is estopped to deny such actual authority. The agreement and contract is evidenced by an instrument in writing, to-wit: the letter of May 28, 1963. This contract and agreement is not an illegal contract; does not violate public

policy; and does not violate Article 3995, Vernon's Ann.Tex.Civ.St.

 Defendant appeals, contending:

"1) There is no evidence or insufficient evidence to sustain the finding and conclusion that defendant was indebted to plaintiff for $10,000.

"2) There is no evidence, or insufficient evidence, that defendant's agreement to pay plaintiff $10,000 was not an agreement to pay the debt of a third party.

"3) There is no evidence or insufficient evidence, to support thhe trial court's finding that defendant agreed to pay plaintiff $10,000 for relinquishment of plaintiff's rights in the McCardell Square construction project.

"4) The Trial Court erred in admitting the letter of May 28, 1963 in evidence.

"5) The contract between plaintiff and defendant is illegal and against public policy, as a matter of law."

We revert to defendant's contentions 1, 2 and 3. The witnesses O'Meara, Chandler, and Howard testified that defendant, through its Vice President Jones, agreed to pay plaintiff the $10,000 plaintiff had advanced as front money, in consideration of plaintiff's withdrawing from the McCardell Square project. The letter of May 28, 1963 to plaintiff's President from defendant's Vice President unequivocally evidences such agreement. It is further in evidence from the witness Howard that final loan closing on the project was had during the week of June 10, 1963, and that defendant had received its first check from the project. We think the evidence sufficient.

 Defendant's 4th contention is that the Trial Court erred in admitting the letter of May 28, 1963, into evidence. Plaintiff plead that the oral contract between it and defendant was to be evidenced in writing and plead the terms of the writing. The letter was admissible in evidence.

 Defendant's final contention is that the contract between plaintiff and defendant was illegal and against public policy, for which reason it is unenforceable. Defendant reasons that since it is in evidence that the $30,000 promotional fund originally contributed by plaintiff and defendant, was to be used to obtain the construction contract; and that it was eventually paid to Rev. A. A. McCardell, pastor of the church which was "sponsor" of the FHA housing project, "that illegality runs all through the case, and plaintiff is precluded from recovery." The foregoing is not proof as a matter of law that the $10,000 was paid pursuant to a contract which was illegal or against public policy.

All of defendant's points and contentions are overruled.

Affirmed.